**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GILBERTO MUNDO,  )
  )
Petitioner,  )   Civil Action No. 3:23-cv-84
  )
v.  )
  )   Magistrate Judge Patricia L. Dodge
M. UNDERWOOD,  )
  )
Respondent.  )

**<u>MEMORANDUM</u>**

Pending before the Court[1] is a Petition for a Writ of Habeas Corpus (ECF 4) filed by Gilberto Mundo under 28 U.S.C. § 2241 in which he challenges how the Federal Bureau of Prisons ("BOP") is carrying out his sentence. For the reasons set forth below, the Court will dismiss the Petition because it is moot.

**I.     Relevant Background**

In May 2023, Mundo filed with this Court a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF 4.) At the time, Mundo was in the custody of the BOP and housed at FCI Loretto. The Petition claims the BOP did not properly provide Mundo with First Step Act earned time credits. He also complains about the alleged conditions of his confinement at FCI Loretto. As relief, Mundo seeks an order from the Court directing the BOP to immediately release him from custody.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

Respondent has filed a Notice of Suggestion of Mootness (ECF 12) in lieu of an Answer. Respondent explains that the BOP released Mundo from custody on July 3, 2023. Because Mundo is no longer in custody, Respondents assert, the Petition is moot.

## II.    Discussion

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005) (defining "execution of" the sentence to mean "'put into effect' or 'carry out.'").

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990), which cited *Allen v. Wright*, 468 U.S. 737, 750-51 (1984) and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief,

the case must be dismissed as moot. *Id.* at 147-48; *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013).

That is the case here. The BOP released Mundo from custody on July 3, 2023. Thus, there is no relief that this Court can provide to him and this habeas case is now moot. *Spencer*, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."); *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims.")

## III.  Conclusion

Based on all of the foregoing, the Court will dismiss the Petition because it is moot.[2] An appropriate Order follows.

Dated:  August 30,  2023                    /s/ Patricia L. Dodge
                                            PATRICIA L. DODGE
                                            United States Magistrate Judge

[2] Federal prisoner appeals from the dismissal of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012). The Court therefore makes no certificate of appealability determination in this case.